**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Civ. No. 18-595 GJF/KRS

THE UNKNOWN HEIRS, DEVISEES, OR
LEGATEES OF BILLIE A. FERRELL,
DECEASED; ROBERT J. MANNING;
SHERRIE L. MANNING; AND OCCUPANTS,
WHOSE TRUE NAMES ARE UNKNOWN,
IF ANY,

    Defendants.

## STIPULATED AND DEFAULT JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE

THIS MATTER coming before the Court, the United States appearing by and through its attorneys, John C. Anderson, United States Attorney for the District of New Mexico, and Manuel Lucero, Assistant United States Attorney; Defendant appearing not; and the Court being fully advised in the premises, FINDS:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Defendants, The Unknown Heirs, Devisees, or Legatees of Billie A. Ferrell, Deceased; And Occupants, whose True Names are Unknown, if any, were served with service herein by publication and have failed to answer or otherwise plead and a Clerk's Entry of Default was entered on March 11, 2019. *See, Doc. 20.*

3. Robert J. and Sherrie L. Manning filed an answer on or about November 16, 2018. Doc. No. 14.

4. The current occupants of the property at issue in this matter filed a response on or

about September 9, 2018 but make no claim to the property. Doc. No. 3.

5. The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the Plaintiff has standing and is entitled to the relief demanded in the Complaint.

6. The Note and Mortgage described in the Complaint were executed and delivered by Billie A. Ferrell, to Secretary of HUD, an agency of the United States of America. The note is in default and there is due the United States the following:

| | |
|---|---|
| Principal and Interest to November 7, 2009 | $490,714.34 |
| Lis Pendens Fee | $25.00 |
| Service by Publication | $647.46 |
| TOTAL | $491,386.80 |

The United States is further due interest accruing at the daily rate of $81.47 from November 7, 2009 to the date of Judgment, with interest accruing at the legal rate of 5.56% per annum thereafter, computed daily and compounded annually until paid, plus the amount of any advances made after November 7, 2009, and ad valorem taxes.

7. Said amount is a first and prior lien, subject to any outstanding taxes, on the following- described real property (Real Property) located in Grant County, New Mexico:

Lot Sixteen (16), Block Three (3), Amended Subdivision, Unit No. 1, According to The Amended Survey and Plat Therefore Made by Vernon E. Hall, Surveyor, Filed for Record in the Office of the Country Clerk of Grant County, Silver City, New Mexico, June 28, 1966 in Book 3 of Plats at Page 26.

More Commonly known as: 710 Country Club Drive, Silver City, NM 88061. Said Note is rescored on June 4, 200 as Document Number 200902389, recorded in Grant County, NM.

**IT IS THEREFORE ORDERED**:

A. The United States of America is granted an *in rem* judgment in the sum of $491,386.80, plus interest calculated at 5.56% on Note 1 with a daily accrual of $81.47 as of November 7, 2009, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus any advances, including ad valorem taxes, a 10% surcharge as provided for by 28 U.S.C. §§ 3011, if appropriate, and the United States District Court Clerk filing fee in the amount of $400.00 pursuant to 28 U.S.C. §§ 2412 (a)(2).

B. The United States has a first and prior lien on the Real Property subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

C. After due and proper notice setting forth the time and place for sale as provided by law, the United States Marshal is directed to offer the Real Property at public sale and is directed to sell the Real Property to the highest bidder subject to any outstanding taxes and/ or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

D. The Real Property shall be purchased for cash unless it is purchased by the United States. If it is purchased by the United States it may credit the amount of principal and interest due it against the purchase price.

E. After sale, the United States Marshal shall report his actions to this Court, and upon the Court's confirmation of the report, the Marshal shall execute and deliver to the purchasers a good and sufficient deed to the Real Property. Upon delivery of the deed by the Marshal, the purchaser or purchasers shall be allowed immediate possession of the property and shall hold the same free and clear of all right, title, and interest of the defendants and all persons claiming under them subsequent to the execution of the Note and Mortgage, subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.* Defendants or persons claiming under

them subsequent to the execution of the Note and Mortgage are barred and estopped from having or claiming any right, title, or interest in and to the Real Property adverse to the purchaser or purchasers.

F. The proceeds of the sale shall be applied as follows: (1) to payment of the United States Marshal's fees, any costs of this action and disbursements in accordance with the laws and rules of this court; (2) to the payment of the lien of the United States; (3) any remaining funds to be paid to the Clerk of the Court to be disbursed on order of this Court as may be determined subsequently and as this Court shall at that time direct.

G. The redemption period shall be 30 days from the date of the sale.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE